Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE BORROWS, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>WANELO, INC., a California corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

Plaintiff Andre Borrows by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

1
COMPLAINT

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Andre Borrows is a resident of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant Wanelo is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 363 Clementina Street, Floor 1, San Francisco, California 94103, and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**FACTUAL BACKGROUND**

8. Plaintiff owns an original two-dimensional artwork entitled HEF Smiley ("Subject Design"). The Subject Design has been registered with the United States Copyright Office.

9. Prior to the acts complained of herein, Plaintiff widely disseminated the Subject Design, including through merchandise which was popularized by hip hop superstar, Wiz Khalifa. A true and correct image of the Subject Design is displayed below and incorporated herein by reference.

**Subject Design**



10. Plaintiff is informed and believes and thereon alleges that following his distribution of the Subject Design, and registration of same with the United States Copyright Office, Wanelo, and DOE Defendants, and each of them, displayed, printed, and distributed and/or sold t-shirts and other garments and product featuring a design that is virtually identical or substantially similar to Subject Design ("Subject Product") without Plaintiff's authorization.

11. An image of an exemplar of Subject Product is set forth hereinbelow and incorporated herein by reference.

**Subject Product Exemplars**



**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants, and Each)

12. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

13. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's designs online; (b) access to illegally distributed copies of Subject Design by third-party vendors and/or DOE Defendants; and, (c) access to garments in the marketplace manufactured with lawfully printed images of the Subject Design.

14. Plaintiff is informed and believes that Defendant Wanelo is an online platform that allows third-parties, including DOE Defendants, to upload designs for

sale on assorted items of clothing. Plaintiff is informed and believes that Defendant Wanelo is directly engaged in displaying, selling, printing, manufacturing and distributing clothing bearing the designs uploaded to its site, including unauthorized copies of the Subject Design.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright in the Subject Design by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by displaying, producing, distributing, printing and/or selling the Subject Product through on-line websites, including those websites that are owned and operated by Defendant Wanelo, without Plaintiff's authorization.

16. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

17. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Design in an amount to be established at trial.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

///

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: October 20, 2016

Respectfully submitted,

By: */s/ Scott A. Burroughs*
Scott A. Burroughs, Esq.
David Shein, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff